# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXWELL JOELSON,<br><br>    Petitioner,<br><br>  v.<br><br>DAVID J. SULTZBAUGH, CHIEF U.S. PROBATION OFFICER, FOR THE SOUTHERN DISTRICT OF CALIFORNIA,<br><br>    Respondent. | Case No. 3:19-cv-1595 DMS-JLB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241** |

On August 23, 2019, Petitioner Maxwell Joelson, proceeding *pro se*, filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (ECF No. 1.) At the time of the Petition's filing, he was under supervised release in the Southern District of California. (*Id.* at 1.) On October 27, 2020, the Court issued an order setting the briefing schedule in this case. (ECF No. 11.) Respondent filed an opposition to the Petition. (ECF No. 13.) Petitioner filed a reply. (ECF No. 17.) For the reasons discussed below, the Court **DISMISSES** the Petition.

## I.
## BACKGROUND

In 1990, the United States brought charges against Petitioner in the United States District Court for the Central District of California for (1) conspiracy to

import approximately 770 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 963; (2) conspiracy to possess and distribute approximately 770 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (3) aiding and abetting the importation of approximately 770 kilograms of cocaine in violation of 21 U.S.C. § 2; and (4) possession with the intent to distribute approximately 770 kilograms of cocaine in violation of 21 U.S.C. § 821(a)(1). On February 12, 1991, a jury found Petitioner guilty on all four counts.

On direct appeal, the Ninth Circuit Court of Appeals affirmed the conviction, but remanded the case to the district court for resentencing. *United States v. Joelson*, 7 F.3d 174 (9th Cir. 1993). The trial court sentenced Petitioner to 360 months in prison followed by five years of supervised release, which the Court of Appeals affirmed. *United States v. Joelson*, 60 F.3d 835 (9th Cir. 1995).

The remaining procedural history is long and complicated, and its finer details are ultimately largely irrelevant to the disposition of the instant Petition. This history was recently recounted by Judge David O. Carter of the Central District of California in an order denying Petitioner's most recent successive habeas petition in that court, which Petitioner styled as a Rule 60(b) motion. *See Joelson v. United States*, 2:90-cr-00565-DOC-1, ECF No. 319, at 3–5 (C.D. Cal. Jan. 12, 2021). In short, Petitioner has filed numerous motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and Rule 60(b) motions in the Central District since his conviction. *Id.* The court denied each of these motions—some of which were filed without authorization from the Court of Appeals. *Id.* The Ninth Circuit has denied all his appeals of these decisions. *Id.* However, he was successful in seeking a sentence modification, resulting in his release from prison, at which point he was placed on supervised release, and eventually released from custody all together. *Id.*

On August 23, 2019, while serving his term of supervised release in the Southern District of California, Petitioner filed the present petition pursuant to 28 U.S.C. § 2241 and the escape hatch provision of § 2255. (*See* ECF No. 1 at 1.)

Petitioner "seeks relief under [Section 2241] because the [Section] 2255 process is 'inadequate and [ineffective]' for relief [. . .] due to the post-tria[l] reviewing courts['] and the government's ultra-vires actions over the course of 21 [years] of post-trial litigation." (*Id.* at 2.) On November 18, 2020, the government filed a response in opposition to the Petition arguing that the Court lacks jurisdiction to grant Petitioner relief because the Petition does not qualify for the escape hatch provision of Section 2255—which renders it unsuitable for review by this Court under Section 2241. (ECF No. 13.)  On December 4, 2020, Petitioner filed a reply brief rebutting the government's arguments. (ECF No. 17.)

## II.

## LEGAL STANDARD

Generally, a person in federal custody can seek post-conviction relief in two ways.  First, such persons can file a motion under 28 U.S.C. § 2255 to challenge their conviction or sentence.  Section 2255 motions are properly filed in the judicial district where the conviction occurred.  Second, they can file a *habeas* petition challenging the manner, location, or conditions involved in the execution of their sentence pursuant to 28 U.S.C. § 2241.  Section 2241 motions are properly filed in the judicial district of the person's confinement.[1]

While Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may challenge the legality of his detention," *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000), it also provides an exception to this

---

[1] Both 28 U.S.C §§ 2255 and 2241 require that a petitioner be "in custody" to seek relief. This custodial requirement is construed broadly. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("the 'in-custody' language does not require that a prisoner be physically confined in order to challenge his sentence on habeas corpus."). Here, Petitioner was on supervised release in the Southern District of California at the time he filed this petition, so the custodial requirement of § 2241 is satisfied. *See Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (citing *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963)).

limitation known as the "escape hatch."[2] This escape hatch provision allows a person in federal custody to "'file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his dentition.'" *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000)). This is a narrow exception. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). A petitioner has the burden of demonstrating that his remedy under Section 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

To qualify for the escape hatch of Section 2255 and file a motion under Section 2241, a petitioner must (1) make a claim of actual innocence, and (2) demonstrate that he did not have an "unobstructed procedural shot" at presenting that claim for relief. *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). As to the first prong of this requirement, legal insufficiency of the evidence is not enough to show actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623; *see also Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011). To determine whether the second prong is satisfied, a court must consider "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." *Harrison*, 519 F.3d at 960 (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060–61 (9th

---

[2] The relevant provision reads as follows: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Cir. 2003)). Further, a petitioner's "§ 2255 remedy will not be deemed 'inadequate or ineffective' merely because the claims presented in it were denied or precluded from being raised in a second or successive motion." *Rice v. Thompson*, 2:20-cv-01258-CKD, 2021 WL 616932, at 3 (E.D. Cal. Feb. 17, 2021) (citing *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988); *Moore v. Reno*, 15 F.3d 1054 (9th Cir. 1999)).

## III.
## DISCUSSION

Petitioner does not qualify for the escape hatch under 28 U.S.C. § 2255 and is not entitled to file a *habeas* petition pursuant to § 2241. The Court therefore dismisses the Petition for lack of jurisdiction.[3]

Even assuming without addressing Petitioner's claim of actual innocence, the Court rejects Petitioner's argument that he did not have an "unobstructed procedural shot" at presenting his claim. Petitioner has had numerous unobstructed opportunities to present his claims, and has already litigated versions of those claims before the United States District Court for the Central District of California and the Ninth Circuit Court of Appeals. (*See* ECF No. 1, at 15–20; *see also United States v.*

---

[3] Aside from the issue of whether Petitioner qualifies for the escape hatch, the United States makes two other arguments as to why the Court cannot and should not exercise jurisdiction over this case. *First*, the government argues that the Court lacks jurisdiction over the case because Petitioner seeks review of his post-conviction proceedings rather than of his conviction or sentence. (*See* ECF No. 13 at 4.) The government argues that "the jurisdiction to exercise such review rests with the Courts of Appeals and United States Supreme Court." (*Id.* (citing 28 U.S.C. §§ 2255 and 2241; 28 U.S.C. § 1291).) The Court need not address this argument because it finds that it lacks jurisdiction on other grounds. *Second*, the government argues that the Court should decline jurisdiction over the case in the interest of federal comity because similar claims were pending before the Central District of California. (ECF No. 13, at 6.) However, the Central District recently issued an order resolving those claims, mooting the government's argument. (See *Joelson v. United States*, 2:90-cr-00565-DOC-1, ECF No. 319 (C.D. Cal. Jan 12, 2021).)

*Joelson*, 2:90-cr-00565-DOC-1 (C.D. Cal.).)  Petitioner argues that he has not had any unobstructed opportunities to present his claims because the Central District "unreasonably applied inadequate procedural bars" and "unreasonably ignored proffered material."  (ECF No. 1, at 23.)  But an unfavorable ruling does not constitute an obstructed procedural shot.  Indeed, Petitioner's own reply brief quotes from the *habeas* court, which states "Petitioner's claim regarding actual innocence is meritless. It is based upon the assertion that he was under complete duress at the time of the crime, an argument that was explicitly rejected by the Ninth Circuit." (ECF No. 17, at 4.)  Because Petitioner has had numerous unobstructed procedural shots at presenting his claims, his Petition does not qualify for the escape hatch provision of 28 U.S.C. § 2255.  This Court thus lacks jurisdiction to hear Petitioner's claim under Section 2241.

      For the reasons explained above, the Court **DISMISSES** the Petition.

**IT IS SO ORDERED.**

Dated: April 1, 2021

                                              Hon. Dana M. Sabraw
                                              United States Chief District Judge