# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MAXWELL JOELSON,

    Petitioner,

v.

DAVID SULTZBAUGH, Chief U.S. Probation Officer for the Southern District of California,

    Respondent.

Case No. 19-cv-1595 DMS

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

On August 23, 2019, Petitioner Maxwell Joelson filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1.) On April 1, 2021, this Court issued an order dismissing Petitioner's motion for lack of jurisdiction. (ECF No. 19.) On May 26, 2021, the United States Court of Appeals for the Ninth Circuit issued an order remanding the case to this Court for "for the limited purpose of allowing the district court to grant or deny a certificate of appealability." (ECF No. 23.)

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could

– 1 –

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a "district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

Reasonable jurists could not find it debatable whether the Court was correct in dismissing the habeas petition in this case. Petitioner sought habeas relief under the escape hatch provision of 28 U.S.C. § 2255. (ECF No. 1.) The escape hatch provision allows a person in federal custody to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his dentition." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (quoting *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000)). To qualify for the escape hatch of § 2255 and file a motion under § 2241, a petitioner must (1) make a claim of actual innocence, and (2) demonstrate that he did not have an "unobstructed procedural shot" at presenting that claim for relief. *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). Petitioner did not qualify for the escape hatch and was therefore not entitled to file a habeas petition under § 2241 because he had numerous opportunities to raise an actual innocence claim on direct appeal or in one of his several motions for collateral relief before the sentencing court and the Court of Appeals. This conclusion is not subject to reasonable debate.

/ / /

/ / /

Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated: June 29, 2021

Hon. Dana M. Sabraw
United States Chief District Judge